United States Bankruptcy Court
for the Eastern District of Pennsylvania

In re:   Linda Patton                 :   Bky No. 24-10875-amc

Debtor                          :   Chapter 13

Amended Motion to Reconsider Dismissal/Reinstate Case

Debtor, by counsel, Lawrence S. Rubin, Esquire, hereby moves the court to reconsider its order dismissing this case:

1. This case was dismissed on a trustee motion for delay on September 16, 2025.

2. At a hearing on June 10, 2025 the court suggested among other things that the sale price could be lowered.

3. The debtor was aware of the suggestion but did not consider this to be a directive from the court.

4. The debtor has since lowered the sale price and showings have increased.

5. The original sale price was $1,400,000.

6. The debtor has lowered the sale price to $1,379,000.

7. The debtor believes that the new price is well within range of the value of the property, based upon the opinion from a local real estate attorney who is an expert in appealing assessments.

8. The attorney, John Fiorello, Esquire beleives tha the true value for the proerty is $1,388,250.  A copy of the letter is attached hereto, made a part hereof and marked Exhibit "A."

9. The debtor's new sale price is less than fair market value of the Chester County Tax Assessor, of last year as stated in the attached letter.

10. In accordance with the court's suggestion the debtor has hired a new realtor more familiar with Main Line high-value properties.

11. The debtor has higher a media team to aggressively market the property. New signage has been purchased as well for $2000.

12. The debtor has therefore had a substantial change to their circumstances and

**Lawrence S. Rubin
Attorney**
337 W. State Street
Media, PA 19063-2615
610.565.6660
fax 610.565.1912
LRubin@Pennlawyer.com

believes that these changes will result in a sale.

13. The debtor has made improved and painted the front porch.

14. The debtor has made improvements to the whole house electrical system.

15. The debtor has improved the pool.

16. The debtor has redone the floors, painted walls and ceilings, power washing the house siding and porch.

17. The debtor has repaired and improved the oil burner and air conditioning unit.

18. The refrigerator and microwave have been replaced.

19. All rugs have been cleaned.

20. The debtor has made significant improvements to the house plumbing system

21. The debtor has employed landscapers in the front and back, and generally improved the look of the property.

22. The debtor has taken meticulous care to follow all the suggestions of this court and should be give one last chance to confirm the plan.

23. The primary objection of the Select Portfolio was that the "Secured Creditor does not consent to being bound to any Chapter 13 Plan provisions filed by the debtor, as it has stay relief and intends to proceed with the lawful foreclosure of the collateral outside of the bankruptcy." However, at the last hearing, counsel stated that "of course, the debtor could sell their property" which belies the basis of the objection itself.

24. The debtor's husband is seriously ill and has serious medical complications from his heart failure, diabetes and cancer. Debtor's husband has three to medical appointments and hospital visits a week. Debtor is sole care giver for her husband including all medical examination and treatment appointments. Debtors husband does not have doctor's authorization to work since his October 2003 hospitalization as stated in the physician reports attached as Exhibit "B".

25. The trustee also stated that he could confirm the plan if the objection was overruled.

**Lawrence S. Rubin**
**Attorney**
337 W. State Street
Media, PA 19063-2615
610.565.6660
fax 610.565.1912
LRubin@Pennlawyer.com

*26. The debtor proposes the 12th Amended Plan, which suggests an increased payment of $1000 a month to reduce the arrears and to ameliorate protection payments if required.*

27. Based upon new circumstances and the debtor's adjustment of the sale price, the debtor requests that the court reinstate the case.

WHEREFORE, the debtor requests that the court reinstate her case.

> s/ Lawrence S. Rubin, Esquire
> Lawrence S. Rubin, Esquire
> Attorney for the debtors
> 337 W State Street
> Media, PA 19063-2615
> (610) 565-6660

**Lawrence S. Rubin**
**Attorney**
337 W. State Street
Media, PA 19063-2615
610.565.6660
fax 610.565.1912
LRubin@Pennlawyer.com